**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MARK STEVEN PARKER, | No. 13-15870 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-02747-GMS |
| v. | |
| UNKNOWN ROWE, Dr., FHA in his individual and official capacity, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted August 13, 2014[**]

Before:    SCHROEDER, THOMAS, and HURWITZ, Circuit Judges.

Arizona state prisoner Mark Steven Parker appeals pro se from the district

court's summary judgment in Parker's 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs.  We have jurisdiction under 28 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment because Parker failed to raise a genuine dispute of material fact as to whether Dr. Rowe provided treatment for Parker's gout that was medically unacceptable under the circumstances and was chosen in conscious disregard of an excessive risk to his health. *See id.* at 1058 (explaining requirements to prevail on a medical deliberate indifference claim involving choices between alternative courses of treatment).

The district court did not abuse its discretion in denying Parker's "Motion to Put Court on Notice of Due Process Violations" because Parker did not seek specific relief, but rather attempted to raise issues that he had not addressed in any previous filings. *See Preminger v. Peake*, 552 F.3d 757, 769 n.11 (9th Cir. 2008) (reviewing for an abuse of discretion the district court's decision regarding management of litigation).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**

13-15870